UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:16cv61879

PATRICK GENTLES,

    Plaintiff,

v.

HUNTER WARFIELD, INC.,

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**<u>INJUNCTIVE RELIEF SOUGHT</u>**

Plaintiff PATRICK GENTLES ("Plaintiff"), by and through undersigned counsel, seeks redress for the illegal practices of Defendant HUNTER WARFIELD, INC., ("Defendant"), to wit, for Defendant's violations of 15 U.S.C §1692, the Fair Debt Collection Practices Act, and Florida Statute § 559.551, the Florida Consumer Collection Practices Act, and in support thereof, Plaintiff states the following:

<u>NATURE OF ACTION</u>

**I.    THE FAIR DEBT COLLECTION PRACTICES ACT**

1.    The Fair Debt Collection Practices Act (the "FDCPA") is a series of statutes which prohibits a catalog of activities in connection with the collection of debts by third parties. *See*, 15 U.S.C. §1692. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to ensure that debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

2. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b).

3. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

4. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to:

> (2) The false representation of--
>     (A) the character, amount, or legal status of any debt; or
>     (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
>             …
> (5) Causing charges to be made to any person for communications by concealment of the true purpose of the communication. Such charges include, but are not limited to, collect telephone calls and telegram fees.

>                              …
>    (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

5.  Section 1692f of the FDCPA states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. *See* LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1200 (11th Cir. 2010) ("[a]n act or practice is deceptive or unfair if it has the *tendency or capacity to deceive*." (emphasis added); The eight subsections of § 1692f set forth a non-exhaustive list of practices that fall within this ban, of which includes, but is not limited to, "[*t*]*he collection of any amount* (including any interest, fee, charge, or expense incidental to the principal obligation) *unless such amount is expressly authorized by the agreement creating the debt or permitted by law*." 15 U.S.C. § 1692f(1) (emphasis added).

6.  Section 1692g of the FDCPA requires debt collectors to make certain disclosures, and/or provide consumers with certain information, depending on the circumstances. The rights and obligations established by section 1692g were considered by the Senate to be a "significant feature" of the Act. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4. 15 U.S.C. § 1692g(a); *See, e.g.,* Bishop v. Ross Earle & Bonan, P.A., 817 F.3d 1268, 1274 (11th Cir. 2016) ("rejecting the notion that § 1692g gives debt collectors discretion to omit the 'in writing' requirement or cure improper notice by claiming waiver."); Hooks v. Forman, Holt, Eliades & Ravin, LLC, 717 F.3d 282, 286 (2d Cir. 2013) ("[d]ebtors can protect certain basic rights through an oral dispute, but can trigger a broader set of rights by disputing a debt in writing.").

## II.  THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

7.  The Florida Consumer Collection Practices Act (the "FCCPA") is "a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area

of debtor-creditor relations." Harris v. Beneficial Finance Company of Jacksonville, 338 So. 2d 196, 200-201 (Fla 1976). In 1993, the FCCPA was enacted to complement the FDCPA, and, as of present-day, the FCCPA continues to effected this goal by otherwise furthering the protections and prohibitions of the FDCPA. *See* Bianchi v. Bronson & Migliaccio, LLP, 2011 WL 379115 (S.D. Fla. Feb. 2, 2011) (stating, "[t]he Florida legislature through the FCCPA expresses its intent that the FCCPA be read as providing regulations that complement the FDCPA. Specifically, the FCCPA notes that any discrepancy between the two acts should be construed as to provide the consumer (or debtor) the greatest protection." (citations omitted)).

8. Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, the FCCPA states, *inter alia*, that:

> In collecting consumer debts, no person shall… [c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

Fla. Stat. § 559.72(9).

9. The FCCPA governs the collection of debts with more scrutiny and specificity than that of the FDCPA, whereby, in its totality, not only does the FCCPA codify additional conduct as explicitly unlawful – but most critically – the FCCPA applies to individuals and/or entities not otherwise regulated by the FDCPA. *See* In re Hathcock, 437 B.R. 696, 704 (Bankr. M.D. Fla. 2010) ("[u]nlike the FDCPA, the [FCCPA] applies not only to debt collectors but to *any persons collecting a consumer debt*." (emphasis added)); *See, e.g.*, Heard v. Mathis, 344 So. 2d 651, 654 (Fla. 1st DCA 1977) (holding the FCCPA applied to "a private individual making an oral, non-interest bearing loan to a friend."); Schauer v. General Motors Acceptance Corp.*,* 819 So. 2d 809,

812 n. 1 (Fla. 4th DCA 2002) (creditors are not exempt from FCCPA liability, whether it be direct or vicarious.

10. As set forth in more detail below, Defendant has violated the aforementioned provisions of the FDCPA and FCCPA, and as a result, Plaintiff seeks damages and/or injunctive relief for the same.

## JURISDICTION AND VENUE

11. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331, and 28 U.S.C § 1337.

12. Supplemental jurisdiction exists for the forgoing state law claims pursuant to 28 U.S.C. § 1367.

13. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

14. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

15. Defendant is a Nevada corporation, with its principal place of business located in Dallas, Texas.

16. On information and belief, Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

17. At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

18.  At all times material hereto, Defendant was a corporation subject to the FCCPA. *See, e.g.*, Cook v. Blazer Fin. Services, Inc., 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. § 1.01(3)).

## FACTUAL ALLEGATIONS

19.  The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

20.  The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(5); Fla. Stat. § 559.55(6).

21.  Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a(3).

22.  Defendant is a "debt collector" as defined by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(6); Fla. Stat. § 559.55(7).

23.  On a date better known by Defendant, Defendant began attempting collect the Consumer Debts from Plaintiff.

24.  On or about February 10, 2016, Defendant sent a collection letter to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

25.  In the Collection Letter, Defendant otherwise identified "Providence Management Co LLC [sic]" as the alleged creditor of the Consumer Debt. *See* Collection Letter.

26.  In the Collection Letter, Defendant states that Plaintiff may "[p]ay online with check or credit card at: www.payhwi.com." Id.

27.  Payments of the Consumer Debt otherwise sought to be made via Defendant's website were subject to a $7.50 transaction fee if the payment was made by credit card or debit

card. A screen capture of the relevant portion of Defendant's website ("Screen Capture") is attached hereto as Exhibit "B." *See* Screen Capture ("[i]f paying by [c]edit or [d]ebit card you may be charged a payment transaction fee of $7.50 which will be added to the Payment Amount. Residents of CO, MA, NY, WI, WY, ME, NC, WA will not be assessed a payment transaction fee.").

28. Upon information and belief, Defendant is in possession of a copy underlying promissory note(s) which govern the Consumer Debt.

29. The underlying promissory note does not expressly authorize and/or otherwise permit the assent of the above referenced $7.50 fee (the "Transaction Fee").

30. No applicable state or federal law exists which expressly permit the assent of the Transaction Fee.

31. Accordingly, at all times relevant hereto, Defendant lacked the lawful authority to assess and/or attempt to collect from Plaintiff the Transaction Fee. *See* Townsend v. Quantum3 Group, LLC, 535 B.R. 415, 426 (M.D. Fla. 2015) ("[l]ooking to the plain language of 1692f(1), the court interprets the section to permit the collection of a fee in addition to the principal obligation if such fee is expressly authorized by the agreement creating the debt or is otherwise permitted by state law." (quoting West v. Costen, 558 F.Supp. 564, 582 (W.D.Va.1983))).

32. Defendant, through either knowledge of the terms of the underlying loan(s) or the knowledge of the absence of any contractual or legal authority to do so, knew it had no statutory or contractual authority to collect a "payment transaction fee of $7.50."

33. The Collection Letter constitutes "collection activity" within the meaning of § 559.715 of the FCCPA.

## COUNT I.
## VIOLATION OF THE FDCPA

34. Plaintiff incorporates by reference paragraphs 20-33 of this Complaint as though fully stated herein.

35. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); *See also* Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA).

36. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act [15 U.S.C §1601], is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

37. In determining whether a debt collector has violated the FDCPA, the debt collector's actions are considered through the least sophisticated consumer lenses. *See* Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1175 (11th Cir. 1985) (holding that, "because we believe that the FDCPA's purpose of protecting consumers is best served by a definition of deceive that looks to the tendency of language to mislead the least sophisticated recipients of a debt collector's letters and telephone calls, we adopt the [] standard of **least sophisticated consumer**…" (emphasis added) (internal quotations and citations omitted)).

38. In light of the preceding, Defendant has violated the FDCPA, to wit:

(a) Section 1692e(2)(B) by, in light of the least sophisticated consumer standard, falsely representing the Transaction Fee as an amount which Defendant was otherwise entitled to recover from Plaintiff as part of its (Defendant's) compensation, whereby Defendant had no legal authority, whether contractual or statutory, to collect such.

(b) Section 1692e(5) by threating to take action that it (Defendant) did not intent to take and/or could not otherwise legally take, in that, Defendant threated to charge Plaintiff the Transaction Fee despite having no lawful authority to assess and/or collect such a fee from Plantiff. *See* Gonzales, 660 F.3d 1055 at 1063 ("[w]hen language in a debt collection letter can reasonably be interpreted to imply that the debt collector will take action it has no intention or ability to undertake, the debt collector that fails to clarify that ambiguity does so at its peril.").

(c) Section 1692e(10) by utilizing false representations and/or deceptive means in an attempt to collect the Consumer Debt and/or obtain information concerning Plaintiff, in that, in light of the least sophisticated consumer standard, Defendant wrongfully alleged that any credit or debit card payments Plaintiff was to make via Defendant's website was otherwise susceptible to the assent of the Transaction Fee, whereby no such possibility otherwise existed which would allow Defendant to assess and/or attempt to collect the Transaction Fee from Plaintiff. *See* Melillo v. Shendell & Assocs., P.A., 2012 WL 253205, at *6 (S.D. Fla.) ("[a] debt collection letter is deceptive where it can be reasonably read to have two or more different

        meanings, one of which is inaccurate." (quoting <u>Gonzales v. Arrow Fin. Servs., LLC</u>, 660 F.3d 1055, 1062 (9th Cir. 2011)) (intentional quotation marks omitted)); *See, e.g.*, <u>Fuller v. Becker & Poliakoff, P.A.</u>, 192 F. Supp. 2d 1361, 1369 (M.D. Fla. 2002) (a collection letter which stated that "the consumer would incur 'substantial amounts of attorney fees and costs'" if a law suit was filed "is a false representation and misleading to the least sophisticated consumer" because such an outcome is not certain to occur); *See also* <u>Gonzales,</u> 660 F.3d 1055 at 1063 ("[c]onditional language, particularly in the absence of any language clarifying or explaining the conditions, does not insulate a debt collector from liability.").

    (d)    Section 1692f(1) by attempting to collection an amount from Plaintiff, to wit, the Transaction Fee, which Defendant was not expressly authorized by contract or statute to collect. *See* <u>Townsend v. Quantum3 Group</u>, LLC, 535 B.R. 415, 426 (M.D. Fla. 2015) ("[l]ooking to the plain language of 1692f(1), the court interprets the section to permit the collection of a fee in addition to the principal obligation if such fee is expressly authorized by the agreement creating the debt or is otherwise permitted by state law." (quoting <u>West v. Costen</u>, 558 F.Supp. 564, 582 (W.D.Va.1983))).

39.    As a result of Defendant's aforementioned FDCPA violations, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility, whereby Plaintiff in entitled to relief for such, in addition to statutory damages, attorney's fee and court costs.

## COUNT II.
## VIOLATION OF THE FCCPA

40. Plaintiff incorporates by reference paragraphs 20-33 of this Complaint as though fully stated herein.

41. In light of the preceding, Defendant violated the FCCPA, to wit:

   (a) Fla. Stat. § 559.72(9) by attempting to collect a debt and/or assert a legal right Defendant knew to be illegitimate and/or otherwise unlawful, in that, through either knowledge of the terms of the underlying loan(s) or the knowledge of the absence of any contractual or legal authority to do so, knew it had no statutory or contractual authority to collect the Transaction Fee.

42. As a result of Defendant's aforementioned FCCPA violations, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility, whereby Plaintiff in entitled to relief for such, in addition to statutory damages, attorney's fee and costs.

## DEMAND FOR JURY TRIAL

43. Plaintiff respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

   (a) Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant in attempting to collect the Consumer Debt.

   (b) Statutory and actual damages, as provided under Fla. Stat. § 559.77(2), for the FCCPA violations committed by Defendant in attempting to collect the Consumer Debt from Plaintiff.

(c) An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(d) Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k and Fla. Stat. § 559.77(2); and

(e) Any other relief that this Court deems appropriate and just under the circumstances.

DATED: August 7, 2016

Respectfully Submitted,

 /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:      855-529-9540

AND

 /s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tpatti@thomasjohnlaw.com
Thomas-John Law, P.A.
110 SE 6th Street, Suite 1700
Fort Lauderdale, Florida 33301
Phone:    954-543-1325
Fax:      954-507-9975

*COUNSEL FOR PLAINTIFF*